UNITED STATES of America, Plaintiff,

v.

John Edward WILSON, Defendant.

Crim. No. 85–52–E.

United States District Court,
N.D. West Virginia,
Elkins Division.

Aug. 5, 1986.

William A. Kolibash, U.S. Atty., Wheeling, W.Va., for plaintiff.

James A. Matish, Clarksburg, W.Va., for defendant.

### ORDER

MAXWELL, Chief Judge.

The above-styled criminal action was commenced by the filing of the United States Attorney's Petition, dated May 23, 1985, directing that John Edward Wilson be brought before the Court to show cause, why he should not be held in contempt of Court. The Petition was brought pursuant to 18 U.S.C. § 401(1) and (3).

The Petition alleged that " ... on April 3, 1985, while attending this Honorable Court in Clarksburg, Harrison County, West Virginia, as a witness in the trial of the case of the *United States v. Joseph J. McDermott,* Criminal No. 84–00106–E(K), the Respondent, John Edward Wilson, willfully and in defiance of the lawful authority of this Honorable Court refused to testify at said trial." The United States Attorney seeks that "the Respondent be held in criminal contempt of this Court and be sentenced to serve a penalty commensurate in severity with the serious nature of his acts."

In February of 1984, John Edward Wilson, along with thirty-eight other defendants, was named in a 344 count indictment. Wilson was charged in 18 counts concerning various violations of federal narcotics and racketeering laws. *U.S. v. John Edward Wilson,* Criminal No. 84–0005–E–03. On May 14, 1984, pursuant to a plea agreement with the United States, Wilson entered a guilty plea to only two of the 18 counts, namely Counts 2 and 289, of the indictment. The remaining sixteen counts of the indictment were to be dismissed upon motion of the Government, according to the plea agreement, in exchange for Wilson's agreement to cooperate with federal and state officials in their investigation of criminal activity. Wilson entered a plea of guilty to charges of violations of 18 U.S.C. § 1962(d) and 21 U.S.C. § 841(a)(1). On July 24, 1984 Wilson was sentenced to a fifteen year term and a five year term to be served concurrently and pursuant to 18 U.S.C. § 4205(a). A $20,000.00 fine was also imposed.

In May, 1985 Wilson was charged in a three count indictment with obstruction of justice in violation of 18 U.S.C. § 1512(b)(1). Following a jury trial and conviction on all three counts, Wilson filed various post trial motions. The Court granted the Motion to Set Aside the Verdict and enter Judgment of Acquittal as to Count two and three. Both the government and the defendant filed an appeal of this Court's decision with the United States Circuit Court of Appeals for the Fourth Circuit. On July 15, 1986 the Circuit Court of Appeals affirmed in part, reversed in part and remanded with instructions that the jury verdict on Counts two and three be reinstated. *United States v. Wilson,* 796 F.2d 55 (4th Cir.1986). This Court is advised that a timely petition for rehearing has been filed with the Circuit Court of Appeals. Wilson is currently serving a one year term that is to be served consecutively with the sentence imposed under 84–0005–E–03.

According to the contempt Petition, Wilson, being in the custody of the Attorney General of the United States, was produced at the Joseph McDermott trial as a government witness by means of a writ of habeas corpus ad testificandum. The petition alleged that Wilson was duly sworn during the trial, refused to state his name and further refused to answer any questions propounded to him. It is alleged that the Court advised Wilson as to his immunity as a result of his prior plea agreement and that he may be incarcerated if he refused to testify. The petition states that Joseph J. McDermott had been indicted "on thirty-five (35) drug related counts" and that Wilson "was a crucial witness to the matters alleged in eleven (11) of those counts. The government contends that Wilson's refusal to testify was an attempt "to impede and obstruct this Court's administration of justice." The Court would note that, notwithstanding defendant's failure to testify, Joseph McDermott was convicted on all thirty-five (35) counts of the indictment.

Wilson was called as a witness in the McDermott trial as a result of his plea agreement of May 8, 1984 in criminal action 84-0005-E-03. Paragraph 4 of this agreement provides that Wilson will be completely forthright and truthful and will give trial testimony, when requested. Paragraph 11 of this plea agreement provides that if either party to this agreement fails to meet any of its obligations thereunder, the other party will have the right to void this agreement.

When Wilson refused to testify at the McDermott trial, the United States had at least two alternatives. The plea agreement could be declared void and the government could then prosecute Wilson on the (18) eighteen indictment counts. The government could seek a conviction for contempt of court. The government chose to proceed by way of the less punitive contempt proceeding. In light of the maximum period of incarceration to which Wilson was exposed if conviction on the eighteen (18) indictment counts (one of which carried a possible life sentence), it is clear that voiding the plea agreement is the more severe of the alternatives.

The contempt proceeding was tried to this Court without a jury. During the course of the contempt trial, Wilson testified on his own behalf and attempted to explain his reasons for refusing to testify at the McDermott trial. He testified that the government refused to keep oral agreements made subsequent to the written plea agreement. It seems that Wilson was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota where he was subjected to threats by other inmates because he was a former policeman and because he had cooperated with the government. Wilson testified that the United States had indicated that it would help him get a transfer to another facility, but that they had refused to keep the agreement. There was no evidence that Wilson told the Court conducting the McDermott trial of his reasons for refusing to testify. This casts doubt on the validity of Wilson's claims.

As earlier noted, the defendant is charged by petition of the United States Attorney with obstruction of justice.

18 U.S.C. § 401(1) and (3) provides in pertinent part:

"A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; ...

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

From the evidence adduced at trial, the Court finds that the defendant did "obstruct the administration of justice" by failing to testify at the McDermott trial. The Court further finds that the defendant resisted the order of the Court to testify after the Court explained that the defendant's testimony was to be provided as a result of his earlier plea agreement with the government.

Although the Court finds that the defendant is in contempt of the Court's authority, a contempt proceeding under the facts and circumstances that underpin the defendant's refusal to honor his plea bargain agreement is clearly not adequate. When the government is faced with a defendant who refuses to honor the plea bargain agreement, prosecution as a contempt of court is an abdication of responsibility.

The foregoing shall constitute the Court's findings of fact and conclusions of law.